JOHNSTONE, Justice
(concurring specially).
I concur specially in the denial of the petition for a writ of certiorari. In 1980 this petitioner was convicted of promoting prostitution in the first degree, a Class B felony defined by 13A-12-111, Ala.Code *632 1975, and was sentenced to 50 years in the penitentiary pursuant to the Habitual Felony Offender Act. He filed a Rule 32, Ala. R.Crim. P., petition claiming the two prior convictions used to enhance his sentence were ineligible for use under the Habitual Felony Offender Act. Affirming the summary denial of the Rule 32 petition, the Court of Criminal Appeals wrote in its unpublished memorandum:
“The appellant acknowledges in his petition that he was sentenced to 50 years’ imprisonment for this conviction, which is within the sentencing range for a Class A felony. Although couched in jurisdictional language, this issue is therefore nonjurisdictional. As such, it is subject to the preclusions of Rule 32, Ala. R.Crim. P.”
Livingston v. State, (No. CR-00-1282, August 24, 2001) — So.2d- (Ala.Crim.App.2001) (table).
The Court of Criminal Appeals should know that promoting prostitution in the first degree has never been a Class A felony. Thus, the jurisdictional analysis by the Court of Criminal Appeals, the only analysis it included in its unpublished memorandum, is disconcerting. I concur in our denial of certiorari review only because my research of the merits of the petitioner’s particular claim that the prior felonies are ineligible for use under the Habitual Felony Offender Act, reveals that the claim is facially invalid.